White, J.
The principle upon which the decision of this case turns was determined in Creamer v. Moore, decided at the present term, ante, 347.
The question is not what the court might have decided in *475 tlie former action between tbe parties ; but what tbe court did, in fact, .decide, as shown by the record. The court found that the plaintiff in that case, "Wagner, was not entitled to an order for the specific performance of the contract, and that the defendant, Porter, was not entitled to an order for its rescission; and, as a consequence of these findings, it was adjudged that the petition and the counter-claim each be dismissed.
This left the legal rights of the parties under the contract, as distinguished from their equitable rights, unaffected by the judgment.
The system of pleading under the code does not affect the question. Since the adoption of the code as well as before, the question in each case is, what was adjudicated in the former suit. In answering this question, reference must be had, of course, to the pleadings as well as to the judgment or decree.
If the court had decreed specific performance, the money paid by the purchaser would have been credited to him in taking the account with the vendor; or, on the other hand, if the contract had been canceled, he would have been compensated for the money he had paid in performance of the contract. The court, however, did neither, but refused to interfere, and left both parties to their strict legal rights.
The refusal of the court to rescind the contract is not inconsistent with the alleged promise of the vendor to refund the money paid, in consideration of his release from the contract.
That may have been the ground upon which the court refused to declare a rescission; but, whether so or not, such refusal does not negative the existence of such agreement to refund.
A judgment is conclusive by way of estoppel only as to facts, without the proof or admission of which it could not have been rendered. Burlen v. Shannon, 99 Mass. 200 ; Lea v. Lea, Id. 493.

Judgment of the district cou/rt and that of the common fleas reversed, and cause remanded to the court last named for a new trial.